UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL PROUT,<br><br>                              Plaintiff,<br><br>v.<br><br>U.S. E.E.O.C; SAN DIEGO COUNTY; S.E.I.U.; and COSTCO,<br><br>                             Defendants. | Case No.: 23-CV-2105 JLS (DEB)<br><br>**ORDER:**<br><br>**(1) ORDERING PLAINTIFF TO SHOW CAUSE WHY THE EEOC SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION;**<br><br>**(2) SEVERING CLAIMS AGAINST COSTCO AND TERMINATING COSTCO AND COSTCO'S MOTION TO DISMISS IN THIS ACTION;**<br><br>**(3) SETTING SCHEDULE FOR OUTSTANDING BRIEFING ON SEIU'S MOTION TO DISMISS**<br><br>(ECF Nos. 10, 16, 20, 21) |

On March 11, 2024, this Court issued an Order to Show Cause ("OSC," ECF No. 20) directing Plaintiff Kevin Michael Prout to explain why one or more Defendants should not be dropped from this case for improper joinder. Presently before the Court is Plaintiff's timely response ("Resp.," ECF No. 21). Plaintiff's submissions (1) do not resolve the

Court's joinder concerns and (2) give rise to an additional question pertaining to the Court's subject matter jurisdiction. Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1), his Response, and the law, the Court rules as follows.

## BACKGROUND

### I. The Complaint

On November 16, 2023, Plaintiff initiated this action and paid the required filing fee. *See* Compl. His Complaint targets an eclectic combination of defendants, including the United States Equal Employment Opportunity Commission ("EEOC" or the "Agency"); San Diego County (the "County"); Service Employees International Union, Local 221 ("SEIU"); and Costco Mission Valley ("Costco"). *See id.*

The Complaint touches on several potential causes of action. In the initial pages, Plaintiff states that he is bringing claims against (1) federal officers under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his constitutional rights; and (2) state and/or local officers under 42 U.S.C. § 1983 for violations of his federal constitutional and statutory rights.[1] *See id.* at 4.[2] The Complaint also appears to contemplate state law claims for, among other things, breach of fiduciary duty, *see id.* at 11, and negligence, *see id.* at 13–14.

The factual allegations in the Complaint are difficult to parse. Applying the required liberal construction, *see, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court interprets the Complaint to target three distinct factual transactions. Each transaction involves different Defendants and legal questions, as the Court summarizes below.

/ / /

---

[1] In particular, Plaintiff asserts violations of the First, Fourth, Eighth, Thirteenth, Fourteenth, Fifteenth, Twenty-Fourth and Twenty-Sixth Amendments of the United States Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Voting Rights Act, 52 U.S.C. §§ 10301 *et seq. See* Compl. at 5–7.

[2] Pin citations to docket material in this Order refer to the blue CM/ECF page numbers stamped across the top margin of each page.

### A. Transaction #1: The County, the EEOC, and Voting Rights

The Complaint first alleges the County violated Plaintiff's rights by "refus[ing]" to provide him with a mail-in ballot. *See* Compl. at 5, 9–10. Plaintiff ties this allegation to the EEOC, noting that he filed a complaint with the agency about his mail-in ballot in 2021. *See id.* at 5. It is unclear from the Complaint what wrongdoing, if any, Plaintiff attributes to the EEOC. The Court also notes that voting rights would seem to fall outside of the EEOC's purview,[3] though Plaintiff may have meant to name a different federal entity.[4]

### B. Transaction #2: The County, SEIU, and Retirement Benefits

Next, Plaintiff appears to accuse SEIU (of which he has been a member) and the County (his former employer) of fraudulently depriving him of retirement benefits. *See id.* at 11–12. Plaintiff alleges these Defendants "knew [he] was entitled to service rights" based on his seniority, but they "conspired to prevent [him] from getting more service [c]redit time." *Id.* Plaintiff appears to seek to recover "[l]ost time service credit for retirement" spanning "from 1978 to present" under fiduciary duty and due process theories. *See id.* at 11–12.

### C. Transaction #3: Costco and Negligence

Finally, the Complaint appears to raise a negligence claim against Costco. Plaintiff alleges that on November 28, 2021, he "went to Costco on fair and Commack." *Id.* at 13. As he was trying to grab a cart, his foot "got caught between the metal bar [sic]." *Id.* This caused him to "trip[] and f[a]ll face down," which in turn led to "bumps," "bruises," and humiliation. *See id.* Plaintiff alleges his injury was caused by Costco's failure to "fulfill the fundamental duties of safety," and he seeks to recover monetary damages. *Id.* at 14.

---

[3] "The U.S. Equal Employment Opportunity Commission (EEOC) is responsible for enforcing federal laws that make it illegal to discriminate against a job applicant or an employee because of the person's race, color, religion, sex (including pregnancy and related conditions, gender identity, and sexual orientation), national origin, age (40 or older), disability or genetic information." *Overview*, U.S. Equal Emp. Opportunity Comm'n, https://www.eeoc.gov/overview (last visited Mar. 27, 2024).

[4] In his Complaint, Plaintiff characterizes the EEOC as "a division of the [DOJ]." Compl. at 5.

23-CV-2105 JLS (DEB)

## II. Relevant Procedural Background

Two Defendants have filed motions to dismiss. On January 3, 2024, Costco filed a Motion to Dismiss ("Costco's Mot.," ECF No. 10) pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). Costco's Motion remains pending and has been fully briefed. On February 12, SEIU filed its own Motion to Dismiss ("SEIU's Mot.," ECF No. 16) pursuant to Rules 12(b)(1) and 12(b)(6).[5] The County and the EEOC have yet to appear.

Meanwhile, after reviewing the Complaint and subsequent filings, the Court found that "none of Plaintiff's claims appear[ed] to arise from the 'same transaction' or 'occurrence,'" and that "it [did not] appear that 'any question of law or fact common to all defendants' [was] likely to surface." OSC at 3 (quoting Fed. R. Civ. P. 20(a)(2)). The Court thus ordered Plaintiff to show cause why certain Defendants should not be dropped from this action. In the OSC, the Court also noted that it was unclear what wrongdoing the EEOC was accused of. *See id.* at 2.

Plaintiff's Response does little to address the concerns expressed in the OSC. The Response starts with the allegation (not addressed in the Complaint[6]) that Plaintiff has suffered employment discrimination in violation of several federal statutes, including several not mentioned in the Complaint. Resp. at 3. It then proceeds to reference multiple civil and criminal law concepts and definitions without explaining their relevance to the joinder issue. The Response also fails to shed light on the nature of Plaintiff's allegations against the EEOC.

## DISCUSSION

The Complaint presents a Gordian knot of parties and claims, which the Court will endeavor to untie here with an eye toward "secur[ing] the just, speedy, and inexpensive

---

[5] The Court stayed briefing on SEIU's Motion pending the resolution of the OSC.

[6] Beyond the brief references to Title VII explained below, the Complaint does not discuss—or provide facts pertaining to—employment issues beyond those relating to the alleged fraud involving Plaintiff's retirement benefits.

4

determination" of this action. Fed. R. Civ. P. 1. But first, another question needs addressing. The EEOC's presence as a Defendant raises the jurisdictional issue of sovereign immunity. The Court will thus begin by interrogating its subject matter jurisdiction over Plaintiff's claims against the EEOC, and then turn to the issue of joinder.

## I. Subject Matter Jurisdiction

### A. *Legal Standard*

Federal courts are courts of limited jurisdiction and thus have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965–66 (9th Cir. 1983). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under the doctrine of sovereign immunity, courts lack subject matter jurisdiction over suits against the United States unless the Government has given its consent to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Consequently, courts "must raise the issue [of sovereign immunity] *sua sponte* and dismiss any portion of an action to which the Government has not consented." *Haight v. United States*, No. 1:17-CV-00014-CL, 2017 WL 4180460, at *3 (D. Or. Sept. 21, 2017). The same rules apply to lawsuits brought against federal agencies. *Balser v. Dep't of Just.*, 327 F.3d 903, 907 (9th Cir. 2003).

"To consent to suit, the Government must 'unequivocally' waive its immunity in the text of a statute." *Haight*, 2017 WL 4180460, at *3 (quoting *Gomez–Perez v. Potter*, 553 U.S. 474, 491 (2008)); *see also James v. U.S. EEOC*, No. 3:18-CV-01414-AC, 2019 WL 2453782, at *2 (D. Or. Apr. 30, 2019) (holding courts "do[] not have subject matter jurisdiction over suits brought against the United States or a federal agency" unless "Congress expressly waives sovereign immunity in a federal statute"), *report and recommendation adopted*, 2019 WL 2453652 (D. Or. June 12, 2019). "[A]ny ambiguities in the statutory language are to be construed in favor of immunity." *Daniel v. Nat'l Park*

*Serv.*, 891 F.3d 762, 769 (9th Cir. 2018) (emphasis omitted) (quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)).

The party suing the federal government bears the burden of identifying an express statutory waiver of sovereign immunity. *See Hajro v. USCIS*, 811 F.3d 1086, 1101 (9th Cir. 2016). Where a plaintiff is proceeding pro se, however, courts "liberally construe the[ir] [c]omplaint to see if there is any arguable basis for a waiver of sovereign immunity." *Peoples v. Wells Fargo Bank*, No. 2:07-CV-0125-RCJPAL, 2008 WL 199713, at *2 (D. Nev. Jan. 18, 2008).

### B. Analysis

As it is not clear from Plaintiff's Complaint or Response what wrongdoing he attributes to the EEOC, it is difficult to discern where Plaintiff might find an arguable basis for sovereign immunity. Still, given his pro se status, the Court will look to the main candidates implicated by the Complaint's allegations against the EEOC: the Voting Rights Act, Title VII, the Constitution, and the Administrative Procedure Act ("APA").

First, mentions of the EEOC in the Complaint are primarily found near allegations of voting rights violations. *See* Compl. at 2. Out of the federal statutes Plaintiff cites, those allegations are most easily connected—in terms of subject matter—to the Voting Rights Act. That Act does not aid Plaintiff, however, as it contemplates suits against *states*, not the federal government. *See Senate of Cal. v. Mosbacher*, 968 F.2d 974, 979 (9th Cir. 1992) (deeming argument that the Voting Rights Act provides for lawsuits against federal government "severely flawed" because "[i]t is the state's responsibility . . . to satisfy the mandates of the [Act]"); *see also Davis v. Garcia*, No. 07 CIV. 9897(CLB), 2008 WL 2229811, at *6 (S.D.N.Y. May 27, 2008) (noting a provision of the Voting Rights Act "does not apply to the Federal Government and its agencies").

Next, one could read the Complaint to allege that the EEOC discriminated against Plaintiff in violation of Title VII. *See* Compl. at 7 (stating, in a section discussing Title VII and on a page with the footer "E.E.O.C.," that "[t]he government/employer cannot terminate employment" on certain bases). But setting aside the fact that the Complaint

does not otherwise elaborate on the topic of employment discrimination, "Title VII is not a statute that constitutes a waiver of sovereign immunity." *James*, 2019 WL 2453782, at *2. Moreover, Plaintiff claims that he used to work for the County, not the EEOC. *See* Compl. at 11. And "[t]here is no federal statute that permits the EEOC to waive sovereign immunity in circumstances where it is not the employing agency." *Leitner v. Potter*, No. C05-5674RBL, 2008 WL 750584, at *3 (W.D. Wash. Mar. 18, 2008).

Third, if Plaintiff intended to assert constitutional damages claims against the EEOC, he could not do so here because "the United States has not waived sovereign immunity with respect to such claims." *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991). Nor could Plaintiff rely on *Bivens*, which provides a cause of action for damages under limited circumstances against federal *officials*, not the federal government and its agencies. *See, e.g.*, *Williamson-Bess v. U.S.P.S.*, No. 222CV02899VBFSHK, 2023 WL 8291796, at *5–6 (C.D. Cal. Jan. 23, 2023); *see also Pereira v. U.S. Postal Serv.*, 964 F.2d 873, 876 (9th Cir. 1992) (explaining *Bivens* "does not provide a means of cutting through the sovereign immunity of the United States itself" (quoting *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984))).

Finally, the Court comes to the APA, § 702 of which contains a broad waiver of sovereign immunity: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency . . . thereof acted or failed to act in an official capacity . . . shall not be dismissed . . . on the ground that it is against the United States." 5 U.S.C. § 702. In effect, § 702 "waives sovereign immunity for all non-monetary claims" meeting its terms. *Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017). However, Plaintiff *does* appear to seek money damages. *See* Compl. at 7. Further, the Complaint does not mention the APA nor discuss what action the EEOC allegedly took or failed to take. The Court is thus unable to determine whether Plaintiff's claim against the EEOC meets the requirements of § 702.

Even granting Plaintiff's pleadings the liberal construction he is owed, the Court sees no basis for finding a waiver of sovereign immunity as to any potential claims the

Complaint raises against the EEOC. The Court will, as detailed in the concluding section of this Order, thus require Plaintiff to show cause why the EEOC should not be dismissed from this action for lack of subject matter jurisdiction.

## II.  Joinder

The Court now turns to joinder. As the Court explained in its OSC, "[u]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This principle exists to prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]," as illustrated by the complexities of this case addressed in this Order. *Blair v. Herrera-Salazar*, No. 319CV01261DMSKSC, 2019 WL 13448296, at *7 (S.D. Cal. Sept. 5, 2019) (alterations in original) (quoting *George*, 507 F.3d at 607).

The test for the permissive joinder of parties is laid out in Federal Rule of Civil Procedure 20. That rule allows multiple defendants "[to] be joined in one action" if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). For the joinder of multiple defendants to be proper, "[b]oth prongs" of Rule 20(a)(2) "must be satisfied." *Viral DRM LLC v. Onyshchuk*, No. 3:23-CV-04300-JSC, 2024 WL 189011, at *2 (N.D. Cal. Jan. 17, 2024).

As summarized above, the Complaint's allegations can be sorted into three transactions: (1) voting rights violations involving the County and the EEOC, (2) fraudulent or otherwise improper conduct perpetrated by the County and SEIU relating to retirement benefits, and (3) negligence on the part of Costco. No single transaction or series of transactions involves all four Defendants, nor does it appear "any question of law or fact common to all [D]efendants will arise." Fed. R. Civ. P. 20(a)(2)(A)–(B). The Complaint thus runs afoul of Rule 20.

While the misjoinder of a party on its own does not provide grounds for dismissing an action, a court may *sua sponte* drop improperly joined parties. *See* Fed. R. Civ. P. 21.

In most such cases, courts can "dismiss all but the first named [defendant] without prejudice to the institution of new, separate lawsuits" against the dropped defendants. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). But courts may not drop a defendant if a "substantial right" of the plaintiff "w[ould] be prejudiced." *Id.* at 1351.

So, before dismissing claims against any misjoined Defendants, the Court "must conduct a prejudice analysis." *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015). As part of that analysis, the Court must ask whether Plaintiff risks "los[ing] . . . otherwise timely claims" because "new suits [would be] blocked by statutes of limitations." *Id.* (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846–47 (3d Cir. 2006)).

The Court begins its evaluation with Costco. Per the Complaint, Plaintiff was injured by a defective fixture at Costco on November 28, 2021. *See* Compl. at 13. Under California Civil Code § 335.1, Plaintiff was required to bring his negligence claim against Costco within two years. Plaintiff complied with twelve days to spare by initiating this action on November 16, 2023. As Plaintiff's claim against Costco would likely be time-barred if he were to re-file today, the Court will sever the claims against Costco and allow Plaintiff to pursue them in a separate suit. *See Rush*, 779 F.3d at 975.

Even accounting for Costco's departure, Rule 20 problems persist in this case. Left over are two seemingly unrelated transactions (voting rights and retirement benefits), neither of which involve all three remaining Defendants. The Court is not inclined, however, to take the typical approach of severing all but the first-named Defendant (the EEOC) at this time. Should Plaintiff prove unable to establish the Court's subject matter jurisdiction over the EEOC, only SEIU and the County will remain. And as Plaintiff's retirement-benefits allegations are raised against both, those two Defendants could be joined in one suit even though Plaintiff's voting rights claim targets only the County.[7]

---

[7] The permissive joinder of *claims* (as opposed to parties) is governed Federal Rule of Civil Procedure 18, which allows "[a] party asserting a claim" to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rules 18 and 20 operate independently, so "[o]nce a defendant is properly joined under Rule 20, the plaintiff may join . . . as many claims as [she]

Accordingly, the Court will wait to resolve the extant joinder issue until Plaintiff has an opportunity to respond to this Order and the issue of sovereign immunity is resolved one way or the other. In the interim, the Court finds it appropriate to schedule the outstanding briefing relating to SEIU's Motion to Dismiss.

## CONCLUSION

In light of the foregoing, the Court **ORDERS** the following.

1) Plaintiff is **ORDERED** to **SHOW CAUSE** why the EEOC should not be dismissed from this action for lack of subject matter jurisdiction under the doctrine of sovereign immunity. Plaintiff **SHALL FILE** a response to this Order, *not to exceed ten (10) pages*, in this case (23-CV-2105) on or before May 17, 2024. If Plaintiff fails to timely respond, the Court will issue an order dismissing the EEOC as a defendant in this action.

2) The claims against Costco Mission Valley are **SEVERED** from this action.

3) The Clerk of the Court is **DIRECTED** to (1) assign a new case number and open a new docket for the claims against Costco Mission Valley; (2) assign the new case to this Court and Magistrate Judge Daniel E. Butcher; and (3) waive payment of a filing fee in the new case, *see, e.g.*, *Mendoza v. United States*, No. 15CV1528-JAH (BGS), 2018 WL 1907949, at *3 (S.D. Cal. Apr. 20, 2018).

    A. The Clerk of the Court is further **DIRECTED** to include a copy of the following documents from this case (23-CV-2105) on the docket of the new case. The filing dates listed on the docket of the new case should match the filing dates reflected on this case's docket.

        i. Complaint (ECF No. 1);
        ii. Summons Issued (ECF No. 2);
        iii. Summons Returned as to Costo (ECF No. 4);
        iv. Waiver of Service as to Costco (ECF No. 6);

---

has against that defendant[] irrespective of whether those additional claims also satisfy Rule 20." *Hysell v. Schwarzenegger*, No. 1:10-CV-01233-AWI, 2011 WL 2678829, at *13 (E.D. Cal. July 6, 2011).

|   |   |   |
|---|---|---|
|   | v. | Costco's Motion to Dismiss (ECF No. 10); |
|   | vi. | Order Setting Briefing Schedule for Costco's Motion (ECF No. 11); |
|   | vii. | Response in Opposition to Costco's Motion (ECF No. 13); |
|   | viii. | Order Vacating Hearing (ECF No. 14); |
|   | ix. | Reply in Support of Costco's Motion (ECF No. 15); and |
|   | x. | this Order. |

B. Plaintiff and Costco are advised that the Court will issue a written order ruling on Costco's Motion to Dismiss in the new case in due course.

4) The current case number (23-CV-2105) shall remain assigned to the claims against Defendants the EEOC, San Diego County, and SEIU. The Clerk of the Court is **DIRECTED** to terminate Costco Mission Valley as a Defendant in this case and terminate Costco's Motion to Dismiss (ECF No. 10) on this case's docket.

5) Defendant SEIU **MAY FILE** in this case (23-CV-2105) a reply in support of its Motion to Dismiss (ECF No. 16), if any, <u>on or before May 3, 2024</u>. Thereafter, the Court will take the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED.**

Dated: April 18, 2024

Hon. Janis L. Sammartino
United States District Judge