UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL PROUT,<br><br>                                    Plaintiff,<br><br>v.<br><br>COSTCO,<br><br>                                    Defendant. | Case No.:  24-CV-703 JLS (DEB)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 5) |

Presently before the Court are Defendant Costco Wholesale Corporation's ("Defendant" or "Costco") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 5) and supporting Memorandum of Points and Authorities ("Mem.," ECF No. 5-1). Plaintiff Kevin Michael Prout filed an Opposition brief ("Opp'n," ECF Nos. 7, 7-1),[1] and Defendant submitted a Reply ("Reply," ECF No. 9). The Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 8. Having carefully considered the Parties' arguments and the law, the Court **GRANTS** the Motion.

## BACKGROUND

On November 16, 2023, Plaintiff filed his Complaint ("Compl.," ECF No. 1). The Complaint lists "Costco Mission Valley" at "2345 Fenton Pkwy" in San Diego County as

---

[1] Plaintiff's Opposition was submitted as two separate filings without any obvious reason for the division. The Court will therefore refer directly to the specific ECF document number when citing the Opposition.

a defendant[2] and appears to raise a negligence claim.  Compl. at 4.[3]  Specifically, Plaintiff alleges that, when he "went to Costco on fair and Commack" on November 28, 2021, his foot "got caught between the metal bar [sic]" while he was trying to grab a cart.  *Id.* at 13–14.  As a result, Plaintiff allegedly "tripped and fell face down," which in turn led to "bumps," "bruises," and humiliation.  *See id.* at 13.  Per Plaintiff, Costco's failure to "fulfill the fundamental duties of safety" caused his injuries, for which he seeks monetary damages.  *Id.* at 14.

On the day Plaintiff filed his Complaint, the Clerk of the Court issued a Summons ("Summons," ECF No. 2).  *See* ECF No. 2.  Plaintiff filed a copy of the Summons and a request for a waiver of service with the Court on November 22, indicating that Plaintiff had mailed said documents to "Costco" at the same Fenton Parkway address provided in the Complaint.  *See* ECF No. 3.  Plaintiff's mailing, which also contained the Complaint, was received at "Costco Mission Valley on or about December 15."  Decl. of Alan Graves Supp. Mot. ("Graves Decl.") ¶ 2, ECF No. 5-2.  On December 18, Plaintiff filed a Proof of Service—signed by Plaintiff himself and dated December 13—noting that service had been attempted through "delivery by the U.S.A. Postal Service."  ECF No. 4 at 3.

The instant Motion followed.

## DISCUSSION

In its Motion, Defendant seeks to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), and 12(b)(5) (improper service of process).  *See* Mot. at 2.  With the caveat

---

[2] When Plaintiff first filed his Complaint, he initiated another action pending before this Court.  *See Prout v. EEOC*, 23-CV-1473 JLS (AHG).  The Complaint named three additional—and seemingly unrelated—defendants.  *See generally* Compl.  Finding that Plaintiff had improperly joined defendants in violation of Federal Rule of Civil Procedure 20, the Court severed Plaintiff's claims against Costco.  *See generally* ECF No. 10.  Plaintiff's allegations relating to Costco were assigned the above-titled case number, and the relevant filings were copied onto this case's Docket.  *See id.* at 10–11.  For the remainder of this Order, the Court will discuss only information relevant to *this* action and Costco's Motion.

[3] For ease of reference, any citations to specific pages of docketed material in this Order refer to the CM/ECF page numbers electronically stamped across the top of each page.

that Defendant's personal-jurisdiction and service-of-process contentions are best understood as one 12(b)(5) argument, the Court grants Defendant's Motion on all counts.

## I. Subject Matter Jurisdiction

### A. *Legal Standard*

Federal courts are courts of limited jurisdiction and thus have an obligation to dismiss claims for which they lack subject matter jurisdiction. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). As Plaintiff filed in federal court, "subject matter jurisdiction must be apparent on the face of the Complaint." *Gen. Agent Ctr. Inc. v. Donald Vanier LLP*, 632 F. Supp. 3d 1044, 1051 (D. Ariz. 2022) (citing *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008)).

Under Federal Rule of Civil Procedure 12(b)(1), a party may raise by motion the defense that the complaint lacks subject matter jurisdiction via a facial or factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, such as the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A court resolves a facial attack as it would a Rule 12(b)(6) motion: "Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient . . . to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

When a defendant files a 12(b)(1) motion, "there is a presumption of a lack of jurisdiction until the plaintiff affirmatively proves otherwise." *Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996) (citing *Stock West, Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989)). At the same time, courts have a duty to liberally construe a pro se litigant's pleadings. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

/ / /

/ / /

### B.   Analysis

The basic statutory grants of subject matter jurisdiction for federal courts are "federal question jurisdiction" and "diversity jurisdiction."   *Arbaugh*, 546 U.S. at 501.   The Complaint fails to establish either form.

#### 1.   Federal Question Jurisdiction

Per 28 U.S.C. § 1331, the federal question statute, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   Under the "well-pleaded complaint rule," federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff has not established federal question jurisdiction in this case.   So far as the Court can tell, the Complaint contains only a state-law negligence claim against Costco. *See* Compl. at 13 (alleging Plaintiff "tripped and fell" due to a defective metal bar at Costco).   Such a claim does not implicate questions of federal law.   *See, e.g.*, *Fan v. City of Newport Beach*,   No. 8:22-CV-02178-FWS-DFM,   2023 WL 2733456,   at *2–3 (C.D. Cal. Feb. 24, 2023) (holding alleged "slip and fall incident" "provide[d] no basis for federal question jurisdiction" because it constituted "only a state law claim for negligence"); *Williams v. Taco Bell*, No. 1:18-CV-01473-AWI-SAB, 2019 WL 112980, at *2 (E.D. Cal. Jan. 4, 2019) (concluding allegations of "slip and fall" injury "d[id] not establish that [plaintiff's] claims ar[o]se under federal law"), *report and recommendation adopted*, 2019 WL 1095143 (E.D. Cal. Feb. 1, 2019).

#### 2.   Diversity Jurisdiction

The statutory grant of diversity jurisdiction is found in 28 U.S.C. § 1332. Section 1332 states, in relevant part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum . . . of $75,000" *and* "is between citizens of different States."   28 U.S.C. § 1332(a)(1).   The Complaint satisfies neither requirement.

/ / /

a.   Amount in Controversy

Where, as here, a plaintiff initiates an action in federal court, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)).   To the extent a plaintiff alleges a specific amount in controversy, her allegation "controls so long as the claim is made in good faith." *Id.*   But if a plaintiff fails to include allegations regarding the dollar value of the amount in controversy, she fails to satisfy § 1332.   *See Rilling v. Burlington N. R. Co.*, 909 F.2d 399, 400–01 (9th Cir. 1990).

The Court concludes Plaintiff has not satisfied § 1332's amount-in-controversy requirement.   The Complaint does not contain an alleged amount in controversy, but instead asserts only that Plaintiff suffered from "bumps," "bruises," and emotional distress. *See* Compl. at 13.   Plaintiff restates these points in his Opposition without clarifying the amount in controversy.   *See* ECF No. 7-1 at 17–19.   "The Court cannot exercise jurisdiction in this matter until Plaintiff alleges in good faith that the aggregate amount in controversy exceeds the statutory minimum."   *Rivera v. Countrywide Home Loans*, No. CV 15-6086-GW (FFMX), 2015 WL 12781238, at *2 (C.D. Cal. Nov. 12, 2015); *see also U.S. Pub. v. People in U.S.*, No. 24-CV-0369-BAS-VET, 2024 WL 1685215, at *1 (S.D. Cal. Apr. 18, 2024) (finding diversity jurisdiction lacking where "[p]laintiffs fail[ed] to plead the amount in controversy in this case exceeds $75,000 and fail[ed] to allege any facts that could reasonably establish this threshold amount in controversy").

b.   Diversity of Citizenship

How a party's state "citizenship" is determined for purposes of diversity jurisdiction depends on whether the party is a natural person or a corporation, though the concept of one's domicile plays a role in the inquiry regardless.   *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).   In this context, "the existence of domicile . . . is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

The Complaint's allegations uniformly indicate Plaintiff is a citizen of California for present purposes. A natural person's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual's domicile is determined by several factors, including, among many others, his "current residence, voting registration," "membership in unions and other organizations," and "place of employment or business." *Lew,* 797 F.2d at 750. Here, Plaintiff resides in San Diego, *see* Compl. at 3; seeks to receive his mail-in ballot in San Diego, *see id.* at 5; has worked for San Diego County, *id.* at 11; and was a union member with "23 years of seniority in the . . . California public retirement system," *id.* All relevant indicators in the Complaint thus point to California.

The Complaint has far less to say about Defendant's citizenship. A corporation is considered a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). But the Complaint is silent as to either Defendant's state of incorporation or principal place of business. *See generally* Compl. Accordingly, Plaintiff has not satisfied § 1332's diversity requirement. *See, e.g., Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("[A] complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties."); *Mendenhall v. Christensen*, No. 16-CV-04232-JSC, 2016 WL 5339710, at *2 (N.D. Cal. Sept. 1, 2016) ("[W]here a plaintiff makes no allegations in the complaint regarding citizenship, the court cannot properly exercise diversity jurisdiction . . . ."), *report and recommendation adopted*, No. 16-CV-4232 CRB, 2016 WL 5110018 (N.D. Cal. Sept. 21, 2016).

As Plaintiff has not met his burden of establishing federal-question or diversity jurisdiction, nor pointed toward any other jurisdictional grant, the Court will **GRANT** Defendant's Motion and **DISMISS** the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

/ / /

/ / /

## II.     Service of Process and Personal Jurisdiction

Defendant also moves to dismiss the Complaint pursuant to Rules 12(b)(2) (personal jurisdiction) and 12(b)(5) (insufficient service of process).  These rules are "substantial[ly] interrelate[ed]," 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (4th ed. 2024), as a court cannot exercise jurisdiction over a defendant absent proper service of process, *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013).  Indeed, "[c]oncurrent motions for dismissal under Rule 12(b)(2) . . . and (b)(5) are considered redundant when," as now, "the requests for dismissal stem from alleged insufficient service of process."[4]   *United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 6883893, at *3 (N.D. Tex. Dec. 21, 2017), *report and recommendation adopted*, 2018 WL 341739 (N.D. Tex. Jan. 9, 2018).  The Court will thus address Defendant's remaining arguments "under the more applicable standard of Rule 12(b)(5)."  *Id.*; *see also Healthy Habits, Inc. v. Fusion Excel Corp.*, No. CV 11-675 CAS (PLAX), 2011 WL 13217967, at *2 (C.D. Cal. Aug. 9, 2011) ("constru[ing] defendants' motion to dismiss for lack of personal jurisdiction as a motion to quash service of process" given the substance of defendants' argument).

### A.     *Legal Standard*

Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process.  Once a defendant challenges service, the plaintiff bears the burden of establishing valid service pursuant to Federal Rule of Civil Procedure 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382

---

[4] A defendant challenging personal jurisdiction on the ground of insufficient service of process does not target the *constitutional and/or statutory* "*basis* for an exercise of jurisdiction."   *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).  Rather, such a defendant essentially argues the court has not acquired "the *means*" to "assert[] its jurisdiction."  *Id.* (emphasis added).

(9th Cir. 1984)).  "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'"  *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

When a court determines that service of process is insufficient, it has broad discretion to either dismiss the action without prejudice or retain the case but quash the service of process.  *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).  "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course."  *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

### B.    Analysis

Under Rule 4(h)(1), a corporation may be served in a judicial district of the United States in one of two ways.  Plaintiff has not established proper service under either method.

#### 1.    Rules 4(h)(1)(A) and 4(e)(1) — Service Authorized by California Law

Plaintiff may satisfy the first option by serving Defendant in compliance with California law.  Rule 4(h)(1) allows for service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) in turn permits service upon an individual by "following state law for serving a summons . . . in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  So, as the Complaint was filed in the Southern District of California, the Summons could have been served by any method the Golden State allows.

"Section 416.10 [of the California Code of Civil Procedure] governs service of process upon corporations generally."  *Gibble v. Car-Lene Rsch., Inc.*, 78 Cal. Rptr. 2d 892, 896 (Ct. App. 1998).  Pursuant to § 416.10, a corporation can be served by delivering a copy of the summons and the complaint to, among other possibilities not pertinent here, a designated agent or certain corporate officers.  *See* Cal. Civ. Proc. Code § 416.10.  "The relevant individual may be served by personal

delivery, by delivery to someone else at the person's residence or place of business with subsequent mailing, or by mail with acknowledgement of receipt." *Dakavia Mgmt. Corp. v. Bigelow*, No. 1:20-CV-00448-NONE-SKO, 2020 WL 2112261, at *1 (E.D. Cal. May 4, 2020) (citing Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30(a)).

Here, Plaintiff sent a copy of the Summons and Complaint to Costco Mission Valley in San Diego via certified mail on or about November 20, 2023. *See generally* Graves Decl.; ECF No. 3. These steps were insufficient, Defendant argues, because Plaintiff could not attempt service by mail—as authorized by California Code of Civil Procedure § 415.30—without first demonstrating that he tried other permissible methods of service. *See* Mem. at 4. Separately, Defendant contends Plaintiff should have attempted to serve an individual, not a corporate entity. *See id.*

To the extent Defendant argues Plaintiff has not completed service by mail pursuant to § 415.30, Defendant's reasoning—but not its conclusion—is flawed. A plaintiff *can* serve a corporate defendant by mail under § 415.30—without first resorting to other methods—if he sends the correct documents to an appropriate corporate representative as identified in § 416.10.[5] *See FUSA Franchisor SPV LLC v. SBG, Inc.*, No. 2:23-CV-02673-AB-E, 2023 WL 8126827, at *1 (C.D. Cal. June 27, 2023). That said, service pursuant to § 415.30 is valid only if the defendant completes the acknowledgement of receipt and returns it to the plaintiff. *Cristo v. U.S. Sec. & Exch. Comm'n*, No. 19-CV-1910-GPC (MDD), 2020 WL 2735175, at *5 (S.D. Cal. May 26, 2020). As no such returned acknowledgement appears to exist here, Plaintiff cannot rely on § 415.30.

/ / /

---

[5] Defendant appears to confuse service by mail pursuant to § 415.30 with substitute service upon the Secretary of State under California Corporations Code § 1702. "To obtain alternative service under [§ 1702]," *not* § 415.30, "a plaintiff must first demonstrate 'by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent' pursuant to California Code of Civil Procedure §§ 415.10(a), 415.20(a), and *415.30(a) . . . .*" *Arias v. BL Custom Upholstery, Corp.*, No. CV 23-7256 PVC, 2023 WL 9418433, at *2 (C.D. Cal. Sept. 29, 2023) (emphasis added) (quoting Cal. Corp. Code § 1702(a)).

Even if § 415.30 required no acknowledgment, Defendant would still prevail with its second argument.  "California requires that service on a corporation, however achieved, be directed to a specific individual."[6]  *Watts v. Enhanced Recovery Corp.*, No. 10-CV-02606-LHK, 2010 WL 3448508, at *3 (N.D. Cal. Sept. 1, 2010).  So, as Defendant correctly notes, Plaintiff was required to serve Defendant's designated "agent of service," as recorded with the California Secretary of State,[7] or another other individual listed in § 416.10.  *See* Mem. at 4.  As the Summons in this case was "addressed only to a corporate entity, not directed by name or by title to an individual listed in § 416.10," Plaintiff has not "substantially compl[ied] with [California's] statutory requirements."  *Id.* at *4; *accord Lazo v. E-Council Univ.*, No. SACV 22-02051-CJC (JDEx), 2023 WL 6785800, at *2 (C.D. Cal. Jan. 24, 2023) ("California courts have held that service addressed only to a corporation, rather than to a person with authority to accept service on behalf of that corporation, is not substantially compliant with the state's service requirements.").

### 2.   Rule 4(h)(1)(B)

State law aside, Federal Rule of Civil Procedure 4(h) also permits service on a corporation "by deliver[y] [of] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B).

This provision does not aid Plaintiff for two reasons.  First, like California law, "[t]he Federal Rules require that service upon a corporation be made . . . to someone in a position

---

[6] As touched on above, "[t]he California Code of Civil Procedure lists the titles of individuals to whom service on a corporation may be delivered, including the corporation's designated agent for service of process, corporate officers, a general manager, or a person authorized by the corporation to receive service of process."  *Watts v. Enhanced Recovery Corp.*, No. 10-CV-02606-LHK, 2010 WL 3448508, at *3 (N.D. Cal. Sept. 1, 2010) (citing Cal. Civ. Proc. Code § 416.10).

[7] Defendant also points out that Costco Wholesale Corporation, rather than Costco Mission Valley, is "the registered business in the State of California" that has "provided . . . the Secretary of State an agent of service."  Mem. at 4.

of authority." *Azzawi v. Brown*, No. 2:15-CV-01468-GEB-AC, 2015 WL 6460363, at *2 (E.D. Cal. Oct. 26, 2015).  Second, the Federal Rules "do not" on their own "allow for service by mail," but instead require a corporation to be served "in person." *Id.*

Accordingly, Plaintiff has failed to demonstrate proper service on Defendant as required by Federal Rule of Civil Procedure 4(h).  *See id.*; *Belle v. Chase Home Fin. LLC*, No. 06CV2454 WQH (LSP), 2007 WL 1518341, at *3 (S.D. Cal. May 22, 2007) ("Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000))).  Defendant's Motion is thus **GRANTED** to the extent it seeks to quash service of process as insufficient pursuant to Rule 12(b)(5).

## III.   Next Steps

Having concluded that Plaintiff neither sufficiently established this Court's subject matter jurisdiction nor proper service of process, the Court must consider whether to grant Plaintiff leave to amend and another opportunity to serve Defendant.  Neither Party addresses these issues in their briefs.

As to subject matter jurisdiction, the Court will grant Plaintiff leave to amend his complaint because the Court cannot find that doing so would be futile.  *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."); *see also Seymour v. Mut. of N.Y. Life Ins. Co.*, No. CV 20-7578 PA (JEMX), 2021 WL 4497502, at *2 (C.D. Cal. Mar. 1, 2021) ("[A] district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist—even though the [complaint] inadequately alleges jurisdiction.").

As to service of process, the Court notes Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed."  Here, more than 90 days have passed since Plaintiff filed his Complaint, but Plaintiff has yet to properly serve Defendant. That said, courts have the discretion to grant a plaintiff an extension of time whether he establishes good cause—as provided for by the exception in Rule 4(m))—or not.  *See Efaw*

*v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

The Court will exercise its discretion to provide Plaintiff an extension given his pro se status, the fact that Defendant has received actual notice of this action as evidenced by the instant Motion, and the absence of any indication of potential prejudice to Defendant. *See, e.g.*, *Gonzalez v. Cal. Highway Patrol*, No. 1:20-CV-01422-DAD-JLT, 2021 WL 3287717, at *8 (E.D. Cal. Aug. 2, 2021). Moreover, as explained in a prior order, the Court is cognizant that Plaintiff would likely be barred from re-filing this action by the statute of limitations. *See* ECF No. 10 at 9; *see also, e.g.*, *James v. Cnty. of Sacramento*, No. 2:18-CV-00180-TLN-DB, 2022 WL 2533484, at *5 (E.D. Cal. July 7, 2022) ("Relief under Rule 4(m) may be justified if the applicable statute of limitations would bar the re-filed action.").

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion (ECF No. 5) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5) and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

Plaintiff **MAY FILE** an amended complaint <u>within twenty-eight (28) days of the date of this Order</u>. In any amended complaint Plaintiff may file, he must (1) allege facts showing the above-described requirements of diversity jurisdiction have been satisfied **or** (2) clearly allege a different basis for subject matter jurisdiction. Plaintiff is also cautioned that his amended complaint must be complete in itself without reference to the original Complaint, *see* S.D. Cal. CivLR 15.1, and that any claim pertaining to Defendant Costco not re-alleged in the amended complaint will be considered waived, *see Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend that are not realleged in an amended pleading may be considered waived). Relatedly, any amended complaint should contain only allegations relevant to Costco, *not* allegations regarding defendants named in the action from which this case was severed.

**If** he elects to amend, Plaintiff **SHALL** properly **SERVE** the amended complaint on Defendant and **FILE** proof of service with the Court <u>within twenty-one (21) days of filing</u>

the amended complaint. **Failure to timely file an amended complaint or serve Defendant with process as required above may result in the dismissal of this entire action.** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

      **IT IS SO ORDERED.**

Dated:  May 7, 2024

                                            *Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge